Jared COLE, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

No. ED 87603.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 30, 2007.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 15, 2007.

Application for Transfer Denied
May 1, 2007.

Gwenda R. Robinson, District Defender, St. Louis, MO, for appellant.

Shaun J. Mackelprang, Assistant Attorney General, Roger W. Johnson, Jefferson City, MO, for respondent.

Before ROY L. RICHTER, P.J., KATHIANNE KNAUP CRANE, J., and SHERRI B. SULLIVAN, J.

PER CURIAM.

Movant, Jared Cole, appeals from the judgment of the motion court denying on the merits his Rule 29.15 motion for post-conviction relief after an evidentiary hearing. We affirm.

In the underlying criminal case, movant was charged with two counts of murder in the first degree, in violation of section 565.020 RSMo (2000), three counts of armed criminal action, in violation of section 571.015 RSMo, and one count of robbery in the first degree, in violation of section 569.020 RSMo, all arising out of

the murder and robbery of one victim and the murder of a second victim who witnessed the first murder. Prior to trial, movant waived his right to a jury trial, and the state waived its right to seek the death penalty.

After a bench trial, the court found movant guilty on all counts. It sentenced movant to a life sentence without parole on each of the murder counts and a life sentence on each of the armed criminal action counts and the robbery count. All of the sentences were to be served concurrently except that the sentences on Counts I and II, which charged murder and armed criminal action with respect to the first victim, were to be served consecutively to the sentences on Counts III and IV, which charged murder and armed criminal action with respect to the second victim. We affirmed movant's conviction and sentence on direct appeal. *State v. Cole*, 136 S.W.3d 114, 115 (Mo.App.2004).

Thereafter, movant filed a *pro se* motion to vacate, set aside, or correct the judgment or sentence pursuant to Rule 29.15. Appointed counsel subsequently filed an amended motion and request for an evidentiary hearing, which, as relevant to this appeal, was based on claims of ineffective assistance of trial counsel for actively representing conflicting interests, and ineffective assistance of appellate counsel for failing to assert that the trial court plainly erred in accepting movant's waiver of a jury trial because the state could not impose the death penalty on him because of his age. After an evidentiary hearing, the motion court entered its findings of fact, conclusions of law, and judgment, and denied the motion.

On appeal from this judgment, movant first contends that the motion court clearly erred in denying his Rule 29.15 motion because his trial counsel was ineffective in that he had an actual conflict of interest.

We deny this point by order pursuant to Rule 84.16(b). The findings and conclusions of the motion court are based on findings of fact that are not clearly erroneous. No error of law appears. An opinion reciting the detailed facts and restating the principles of law would have no precedential value. However, we have furnished the parties with a memorandum for their information only, setting forth the reasons for this order.

For his second point movant contends his appellate counsel was ineffective because she failed to raise on appeal a plain error claim that movant's waiver of a jury trial was involuntary. We disagree.

## DISCUSSION

Our review of the motion court's judgment is limited to determining whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k). The findings and conclusions are clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *State v. Taylor*, 929 S.W.2d 209, 224 (Mo. banc 1996), *cert. denied*, 519 U.S. 1152, 117 S.Ct. 1088, 137 L.Ed.2d 222 (1997).

For his second point, movant asserts that the motion court clearly erred in denying his claim of ineffective assistance of appellate counsel because appellate counsel failed to brief a claim that the trial court plainly erred in accepting movant's waiver of a jury trial in exchange for the state's waiver of the death penalty because, while movant's appeal was pending, the Missouri Supreme Court decided *State ex rel. Simmons v. Roper*, 112 S.W.3d 397 (Mo. banc 2003), which held that the state could not legally or constitutionally impose the death penalty on a defendant for crimes committed as a juvenile. Movant argues that *Simmons* would have prevent-

ed the state from imposing the death penalty on him because he was seventeen years old at the time he committed the crimes.

To prevail on a claim of ineffective assistance of appellate counsel, a movant "must establish that counsel failed to raise a claim of error that was so obvious that a competent and effective lawyer would have recognized and asserted it." *Tisius v. State*, 183 S.W.3d 207, 215 (Mo. banc 2006). "The claimed error must have been sufficiently serious to create a reasonable probability that, if it was raised, the outcome of the appeal would have been different." *Id.*

Prior to trial, the state filed a notice of aggravating factors and advised trial counsel that it intended to file a formal notice of its intent to request the death penalty. Movant agreed to waive a jury trial in consideration for the state's waiver of the death penalty, and the court accepted movant's signed waiver made in open court on January 11, 2002.

At the evidentiary hearing, Debra Wafer, movant's appellate counsel, testified that she was aware of the decision in *Simmons* when she prepared movant's brief. *Simmons* was decided in August 2003, and movant's brief was filed January 30, 2004. Ms. Wafer testified that although *Simmons* would have prevented carrying out the death penalty if that penalty had been imposed, *Simmons* would not apply retroactively to invalidate a waiver that was valid at the time it was made.

The motion court found that if appellate counsel had raised the claim on direct appeal, it would not have succeeded. It found that when movant waived the jury trial, he faced the possibility of the death penalty.

At the time movant waived a jury trial in exchange for the state's waiver of the death penalty, the law allowed the death penalty to be imposed on juveniles. The *Simmons* decision, holding that the death penalty may not be imposed on juveniles, was not handed down until twenty months later. The United States Supreme Court has held that a judicial decision that makes imposition of the death penalty unconstitutional does not invalidate a prior plea that was entered to avoid the death penalty. *Brady v. United States*, 397 U.S. 742, 756–757, 90 S.Ct. 1463, 1473–1474, 25 L.Ed.2d 747 (1970). "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady*, 397 U.S. at 748, 90 S.Ct. at 1463. *Brady* held that the movant's plea of guilty was intelligently made when the movant's counsel correctly advised him that a statute allowed a jury to impose the death penalty, but the Supreme Court later held the jury had no such power if a judge could only impose a lesser penalty. *Brady*, 397 U.S. at 756–58, 90 S.Ct. at 1473–74. *Brady* went on to hold:

> [A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise. A plea of guilty triggered by the expectations of a competently counseled defendant that the State will have a strong case against him is not subject to later attack because the defendant's lawyer correctly advised him with respect to the then existing law as to possible penalties but later pronouncements of the courts, as in this case, hold that the maximum penalty for the crime in question was less than was reasonably assumed at the time the plea was entered.

*Brady*, 397 U.S. at 757, 90 S.Ct. at 1473. The Court concluded:

"We find no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply because it later develops that the State would have had a weaker case than the defendant had thought or that the maximum penalty then assumed applicable has been held inapplicable in subsequent judicial decisions."

*Id.*

In *Davis v. State,* 517 S.W.2d 97, 104 (Mo.1974), the movant's first motion for post-conviction relief was denied. While the appeal from this denial was pending, the Supreme Court found Georgia's capital punishment statute to be repugnant to the Eighth Amendment because it did not contain safeguards to ensure that the state did not apply the death penalty arbitrarily and capriciously. *Furman v. Georgia,* 408 U.S. 238, 239–40, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). The Missouri Supreme Court allowed the movant to amend his motion to assert a claim that he had pleaded guilty to avoid the death penalty and to have an evidentiary hearing thereon. On the subsequent appeal from the denial of the amended motion, the Missouri Supreme Court applied *Brady* to hold that the plea did not become invalid because there was a subsequent change to the law applicable at the time of the plea. *Davis,* 517 S.W.2d at 104. It explained that the death penalty was a lawful penalty at the time of the movant's guilty plea and its assessment was a distinct possibility. *Id.*

■■■ Although *Brady* and *Davis* dealt with guilty pleas, the rationale of both cases equally applies to a waiver of a jury trial. A guilty plea includes a waiver of jury trial. *State v. Shafer,* 969 S.W.2d 719, 731 (Mo. banc 1998); *see also Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). Like a plea of guilty, a jury trial can be waived with the assent of the trial court, provided the waiver is voluntarily, knowingly, and intelligently made. *State v. Sharp,* 533 S.W.2d 601, 605 (Mo. banc 1976). At the time movant waived a jury trial in exchange for the state's waiver of its right to seek the death penalty, the death penalty could lawfully be imposed on a seventeen-year-old offender. Accordingly, movant's waiver of a jury trial did not become involuntary, unknowing, or unintelligent because the law applicable at the time of the waiver was subsequently changed.

Movant has not shown that reversal would have been warranted had the issue been raised on appeal. Because movant has failed to show that reversal would have been required, he has not shown ineffective assistance of appellate counsel. *Tisius,* 183 S.W.3d at 215. Point two is denied.

*Conclusion*

The judgment of the motion court is affirmed.